# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

TERRY SCHROEDL,

    Petitioner,

v.                                                Case No. 05-C-407

WILLIAM POLLARD,

    Respondent.

## DECISION AND ORDER

On April 8, 2005, the petitioner, Terry Schroedl, who is currently incarcerated at the Green Bay Correctional Institution (GBCI), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner is serving an indeterminate term of forty years' imprisonment for the repeated sexual assault of the same child, in violation of Wis. Stat. § 948.025(1). The petitioner challenges the judgment of his conviction which was entered on May 22, 2000.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

United States District Judge J. P. Stadtmueller conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By order filed

June 6, 2005, Judge Stadtmueller determined that the petitioner's petition is timely, that the petitioner has exhausted his state court remedies and that it does not plainly appear that the petitioner's claims are frivolous or speculative. Judge Stadtmueller ordered the respondent, Warden William Pollard of GBCI, to answer the petition for a writ of habeas corpus. The respondent answered the petition and the parties subsequently briefed the petition for a writ of habeas corpus. Therefore, the petition is ready for disposition and will be addressed herein.

## **APPLICABLE LAW**

The habeas corpus statute was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 100 Stat. 1214 (1996), which provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This provision entitles federal courts acting within their jurisdiction to interpret the law independently, but requires them to refrain from "fine tuning" state court interpretations. Lindh v. Murphy, 96 F.3d 856, 870-877 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). "Thus, although this court reviews the state court's legal conclusions and mixed questions of law and fact de novo, that review is 'tempered by AEDPA's deferential

- 2 -

Case 2:05-cv-00407-PJG   Filed 05/12/08   Page 2 of 14   Document 25

constraints.'" Hereford v. McCaughtry, 101 F.Supp.2d 742, 746 (E.D. Wis. 2000) (quoting Sanchez v. Gilmore, 189 F.3d 619, 623 [7th Cir. 1999]).

A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme Court] precedent." Washington v. Smith, 219 F.3d 620, 628 (7th Cir. 2000) (quoting Williams v. Taylor, 120 S. Ct. 1495, 1519 [2000]). The court of appeals for this circuit recognized the narrow application of the "contrary to" clause:

> under the "contrary to" clause of § 2254(d)(1), [a court] could grant a writ of habeas corpus . . . where the state court applied a rule that contradicts the governing law as expounded in Supreme Court cases or where the state court confronts facts materially indistinguishable from a Supreme Court case and nevertheless arrives at a different result.

Washington, 219 F.3d at 628. The court went on to explain that the "unreasonable application of" clause was broader and "allows a federal habeas court to grant habeas relief whenever the state court 'unreasonably applied [a clearly established] principle to the facts of the prisoner's case.'" Id. (quoting Williams, 120 S. Ct. at 1523).

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." Hennon v. Cooper, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if it is one of several equally plausible outcomes." Hall v. Washington, 106 F.3d 742, 748-49 (7th Cir. 1997). In Morgan v. Krenke, the court explained that:

> [u]nreasonableness is judged by an objective standard and under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

- 3 -

232 F.3d 562, 565-66 (7th Cir. 2000) (quoting Williams, 120 S.Ct. at 1522). Therefore, before a court may issue a writ of habeas corpus, it must determine that the state court decision was both incorrect and unreasonable. Washington, 219 F.3d at 628.

## RELEVANT FACTUAL BACKGROUND

On May 22, 2000, the petitioner entered a plea of guilty to the charge of Repeated Sexual Assault of Same Child in violation of Wis. Stat. § 948.025(1). (Answer to Petition for Writ of Habeas Corpus [Answer], Exh. A). The charge arose from a number of acts of sexual intercourse which the petitioner engaged in with the minor daughter of his live-in girlfriend. The minor daughter stated that the acts of sexual intercourse had occurred on a number of occasions between June, 1998 and September, 1999. The minor, who was 13 years old, had consented to the intercourse. The petitioner's conduct with the minor was revealed after it was discovered in November, 1999, that the minor was pregnant. The baby was born in June, 2000 and was kept by the minor, who by that time had been placed in a foster home. Answer, Exh. B at 2.

The petitioner was sentenced to an indeterminate term of forty years' imprisonment. Answer, Exh. A. Following his conviction, the petitioner's appointed appellate counsel filed a no merit report pursuant to Anders v. California, 386 U.S. 738 (1967), and Wis. Stat. § 809.32, in the Wisconsin Court of Appeals. Answer, Exh. B. On July 10, 2001, the Wisconsin Court of Appeals considered the no merit report and a response by the petitioner and affirmed the petitioner's conviction and sentence concluding that the appeal presented no arguably meritorious issues. Answer, Exh. C. Petitioner's counsel and the petitioner petitioned the

Wisconsin Supreme Court for review of his conviction, which the court denied on September 19, 2001. Answer, Exh. F.

The petitioner next filed a post conviction relief motion under Wis. Stat. § 974.06 in Dane County Circuit Court. The circuit court denied the petitioner's motion and the petitioner appealed to the Wisconsin Court of Appeals. Answer, Exh. G. On November 30, 2004, the appellate court denied the petitioner's motion finding his claims to be without merit or procedurally barred. Answer, Exh. I. The petitioner petitioned the Wisconsin Supreme Court for review and on March 8, 2005, the Wisconsin Supreme Court denied the petition for review. Answer, Exh. L.

## **ANALYSIS**

The petitioner asserts that his guilty plea was not entered knowingly, intelligently and voluntarily and that he was denied effective assistance of trial counsel. With regard to his guilty plea, the petitioner asserts that his plea was "unknowingly entered because he was not told that a guilty plea as opposed to a no contest plea could be used against him in a case he took to trial." (Petitioner's Reply Brief at 4). The petitioner also contends that he did not understand the elements of the crime and, therefore, his plea was not knowingly entered. Id. The petitioner further contends that the colloquy violated the United States Constitution, the Wisconsin Constitution, case law and statutes.

A defendant's plea of guilty or no contest is constitutionally valid if entered knowingly, voluntarily and intelligently. North Carolina v. Alford, 400 U.S. 25, 31 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969). The voluntariness of the plea is determined by "considering all of the relevant circumstances surrounding" the plea. Brady v. United States,

- 5 -

Case 2:05-cv-00407-PJG   Filed 05/12/08   Page 5 of 14   Document 25

397 U.S. 742, 749 (1970). A plea is voluntary if not induced by threats or misrepresentations and if the defendant is made aware of the direct consequences of the plea. Id. at 755. The defendant "need not be made aware of every possible consequence." St. Pierre v. Walls, 297 F.3d 617, 634 (7th Cir. 2002). Rather, he must be aware of the "relevant circumstances and likely consequence" surrounding the plea. Brady, 397 U.S. at 748. A defendant's plea cannot be "truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." McCarthy v. United States, 394 U.S. 459, 466 (1969). As the Court explained in Brady, the plea:

> is the defendant's consent that judgment of conviction may be entered without a trial – a waiver of his right to trial before a jury or judge. Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.

397 U.S. at 748.

A federal court may grant habeas relief if a state court applied a rule contradicting governing United States Supreme Court law. Washington, 219 F.3d at 628. In this case, the petitioner argued on direct appeal that his plea was unknowingly entered because he was not aware that his conviction could potentially lead to commitment under Wis. Stat. ch. 980, the sexual predator statute. The court of appeals held that a plea is not unknowingly and involuntarily entered because a defendant is not informed that a ch. 980 petition may be brought against him in the future. Answer, Exh. C. The court of appeals cited State v. Myers, 199 Wis 2d 391, 394, 544 N.W.2d 609, 610 (Wis. Ct. App. 1996), which held that the potential for commitment under Wis Stat. ch 980 is a collateral consequence of a guilty plea. The Wisconsin Supreme Court denied the petitioner's petition for review of the court of appeals' decision. Answer, Exh. F.

- 6 -

The petitioner next filed a petition for postconviction relief arguing that his plea was unknowingly entered because he was not told that a guilty plea, as opposed to a no contest plea, could be used against him in a subsequent trial, and second, that his plea was unknowingly entered because he did not understand the elements of the sexual assault offense. The Wisconsin Court of Appeals discussed the law with respect to direct and collateral consequences as set forth in State v. Brown, 276 Wis. 2d 559, 687 N.W.2d 543 (Wis. Ct. App. 2004):

> "A direct consequence of a plea is one that has a definite, immediate, and largely automatic effect on the range of a defendant's punishment." A collateral consequence on the other hand, is indirect, does not automatically flow from the conviction, and may depend on the subsequent conduct of a defendant. "The distinction between direct and collateral consequences essentially recognizes that it would be unreasonable and impractical to require a circuit court to be cognizant of every conceivable consequence before the court accepts a plea." If the court fails to disclose a direct consequence of a plea, a defendant may withdraw the plea as a matter of right. However, if the court does not disclose a collateral consequence of a plea, a defendant may not withdraw his plea on the basis of that lack of information.

Id. at 545-46 (citations omitted). (Answer, Exh. H at 3).

According to the Wisconsin Court of Appeals, the circuit court had no obligation to inform the petitioner of the difference between entering a no contest plea and a guilty plea. The court concluded that the effect his guilty plea had on any future prosecution is a collateral consequence, and as such, the circuit court was under no obligation to address the topic during the petitioner's plea colloquy. The court of appeals again cited Myers. See Myers, 544 N.W.2d at 610. (potential for commitment under Wis. Stat. Ch. 980 is a collateral consequence).

The petitioner also asserted in his motion for postconviction relief that he failed to comprehend the elements of the offense of repeated sexual assault of the same child. Specifically, he asserted that he failed to understand that Wis. Stat. § 948.025 required the

state to prove he engaged in at least three acts of sexual intercourse with a child. The court of appeals determined that the record conclusively showed otherwise. During the plea colloquy, the circuit court judge asked the petitioner:

> Do you understand, Mr. Schroedl, with respect to the felony charge of having repeated acts of sexual intercourse with a child, that it would require first that you committed at least three or more sexual assaults of an individual?

The petitioner personally answered, "Yes." (Answer, Exh. I at 5). The court of appeals determined that the petitioner "cannot plausibly complain that he did not understand the charge required the State to prove at least three sexual assaults." Id.

The standard utilized by the Wisconsin Court of Appeals is consistent with Supreme Court law that for a guilty plea to be entered knowingly and voluntarily, the defendant must be made aware of the direct consequences of the plea. Brady, 397 U.S. at 755. The petitioner has not pointed to a United States Supreme Court case that is contrary to the court of appeals' decision with regard to his claim that his plea was involuntarily or unknowingly entered. Moreover, the petitioner has not identified a United States Supreme Court case that demonstrates that the court of appeals' decision utilized an unreasonable application of United States Supreme Court law. The petitioner need not be apprised of the collateral consequences of pleading guilty. Moreover, the petitioner cannot reasonably contend that he did not understand that the charge required the State to prove at least three sexual assaults when the judge specifically inquired whether the petitioner understood that the charge required three or more sexual assaults. Therefore, the petitioner does not satisfy the Washington tests for the "contrary to" clause or "unreasonable application" clause of 28 U.S.C. § 2254(d)(1). See Washington, 219 F.3d at 628.

- 8 -

It appears that the petitioner also claims that the plea colloquy was deficient and he did not waive his right a jury trial. The respondent asserts that the petitioner is not entitled to habeas relief on these conclusory claims which the court of appeals denied on procedural grounds. "If the state court declined to reach the merits of the petitioner's claim because of a procedural default, that default must constitute an independent and adequate state-law ground in order to be a bar to federal habeas relief." Braun v. Powell, 227 F.3d 908, 912 (7th Cir. 2000). Whether the ground is independent depends on state law and whether it is adequate depends on federal law. Liegakos v. Cooke, 106 F.3d 1381, 1385 (7th Cir. 1997). A procedural default constitutes an independent state law ground if "the last state court to consider the question actually relied on procedural default as the basis for its decision." Braun, 227 F.3d at 912 (citing Willis v. Aiken, 8 F.3d 556, 561 [7th Cir. 1993]). The state court must have "'clearly and expressly' relied on the procedural default as the basis of its ruling." Id. (quoting Harris v. Reed, 489 U.S. 255, 263 [1989]).

"To be an adequate ground of decision, the state's procedural rule must be both firmly established and regularly followed." Id. (quotations omitted). It must be applied in a "consistent and principled way; it cannot be employed infrequently, unexpectedly, or freakishly." Id. (quotations omitted). Moreover, "[t]he state rule of practice must have been in place, and enforced, 'by the time as of which it is to be applied.'" Liegakos, 106 F.3d at 1385 (quoting Ford v. Georgia, 498 U.S. 411, 424 [1991]). The disposition of the last state court to issue an opinion determines whether the state has invoked a ground of forfeiture. Liegakos, 106 F.3d at 1385. The last state court to consider the issue, the Wisconsin Court of Appeals, relied on procedural

- 9 -

Case 2:05-cv-00407-PJG   Filed 05/12/08   Page 9 of 14   Document 25

default as the basis of its decision to not address the petitioner's additional arguments regarding his guilty plea. (Answer, Exh. I at 2).

Nevertheless, federal review of the petitioner's claim may still be available "if the petitioner can show cause and prejudice for [his] failure to exhaust [his] claims, or if a failure to review them on these procedural grounds would result in a fundamental miscarriage of justice." Howard v. O'Sullivan, 185 F.3d 721, 726 (7th Cir. 1999). A "fundamental miscarriage of justice" is shown where "a constitutional violation has probably resulted in the conviction of one who is actually innocent . . .." Rodriguez v. Scillia, 193 F.3d 913, 917 (7th Cir. 1999) (quoting Murray v. Carrier, 477 U.S. 478, 495-96 [1986]). "This standard requires a petitioner to show that it is more likely than not that no reasonable juror would have convicted him." Rodriguez, 193 F.3d at 917.

The petitioner has not presented any evidence pertaining to the cause for his procedural default. Additionally, the petitioner has not attempted to show [and there is nothing in the record to show] that he was wrongly convicted. See Howard, 185 F.3d at 726. In other words, the petitioner has not "made an attempt to show actual innocence, as opposed to legal innocence, as required to support the finding of a fundamental miscarriage of justice." Spreitzer v. Schomig, 219 F.3d 639, 648-49 (7th Cir. 2000). The petitioner has failed "to show that it is more likely than not that no reasonable juror would have convicted him." Rodriguez, 193 F.3d at 917. Therefore, this court is barred from reviewing the petitioner's additional claims regarding his guilty plea.

In addition to the claims regarding his guilty plea, the petitioner also asserts that he received ineffective assistance of counsel. In his brief in support of his habeas petition, the petitioner asserts that he received ineffective assistance of counsel because "[t]rial counsel did

- 10 -

not go over the elements of what constituted the crime while going over waiver of rights or discuss the elements with Terry Schroedl." (Petitioner's Brief at 4). The petitioner further contends that "[t]rial counsel violated Schroedl's rights when he failed to go over the elements of what constituted the crime and while going over the waiver of rights told Mr. Schroedl the elements would be discussed in Court by Judge." Id.

On appeal to the Wisconsin Court of Appeals, the petitioner maintained that his plea was unknowingly entered because his trial attorney failed to explain to him the difference between the possible use of a no contest plea compared with the use of a guilty plea in a future prosecution. The court of appeals addressed this claim of ineffective assistance of counsel using the familiar two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). (Answer, Exh. I at 4). Strickland is "clearly established Federal law, as determined by the Supreme Court of the United States." See Washington, 219 F.3d at 627-628. Pursuant to Strickland, a petitioner "must show that counsel's performance was deficient . . [and] . . . the deficient performance prejudiced the defense." 466 U.S. at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id.

The first component requires a petitioner to show that his trial counsel "made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Under the second component, a petitioner "must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. A petitioner must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.

- 11 -

If the court determines that the petitioner has failed to satisfy either component of the Strickland test, it need not address the other. See Chichakly v. United States, 926 F.2d 624, 630-31 (7th Cir. 1991).

The court must determine whether the Wisconsin Court of Appeals' rejection of the petitioner's ineffective assistance of claim was either "contrary to, or involved an unreasonable application of" the performance and prejudice rules set out in Strickland. See Washington, 219 F.3d at 628. The Wisconsin court of appeals found that the petitioner had failed to demonstrate that he suffered prejudice from his attorney's alleged failure to apprise him of the possibility that his guilty plea, as opposed to a no contest plea, could be used against him in a subsequent proceeding. The appeals court concluded that "regardless of the type of plea [the petitioner] entered [], the State may still [have] use[d the petitioner's] sexual assault in this case in a separate prosecution if the current assault meets the standards applicable to other acts evidence." Answer, Exh I at 4. Thus, the court of appeals determined that the petitioner failed to show that his attorney's performance was deficient or prejudicial to him. Id. at 4-5.

To the extent that the petitioner raises the identical claim of ineffective assistance of counsel before this court, the petitioner has failed to show that the state court decision was contrary to federal law or involved an unreasonable application of federal law as determined by the Supreme Court. The state court correctly applied Strickland to the petitioner's claim of ineffective assistance of counsel and the petitioner cannot show that the state court application of Strickland was unreasonable. Thus, the petitioner is not entitled to federal habeas relief on his claim of ineffective assistance of counsel.

Moreover, to the extent that the petitioner raises a claim that his counsel was ineffective for failing to apprise him of the elements of the offense, the petitioner failed to raise this claim

in state court. Therefore, this claim is procedurally barred from federal review. Simpson v. Battaglia, 458 F.3d 585, 595 (7th Cir. 2006). If the court were to consider the petitioner's claim on the merits, it is clear from the record that the trial court judge informed the petitioner of the elements of the crime at the plea hearing. The petitioner does not assert how counsel's alleged omission prejudiced him in any way thereby entitling him to habeas relief.

The petitioner appears to raise several new claims in his brief in support of his petition for federal habeas relief, including claims that the trial judge failed to correct inaccurate information in the petitioner's presentence investigation report. The court declines to address these arguments raised for the first time in the petitioner's brief in support of his petition. See Rittenhouse v. Battles, 263 F.3d 689, 694-95 (7th Cir. 2001) (Claims not presented in a petition for a writ of habeas corpus are waived.).

In conclusion, the decision of the Wisconsin courts was neither contrary to nor involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Therefore, in light of the foregoing, the petitioner's petition for a writ of habeas corpus will be denied.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus be and hereby is **denied**.

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed**.

**IT IS ALSO ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 12th day of May, 2008.

BY THE COURT:

/s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge